**Edward WILLIS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 7660.**

United States Court of Appeals
Fourth Circuit.

Argued June 9, 1958.

Decided June 12, 1958.

Robert D. Lewis, Asheville, N. C. (Court appointed counsel), for appellant.

A. Andrew Giangreco, Asst. U. S. Atty., Arlington, Va. (L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., on the brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

PER CURIAM.

Convicted of attempted sodomy, Edward Willis challenges by motion to vacate sentence and judgment (Title 28 U.S.C.A. § 2255) the effectiveness of court appointed counsel, specifically charging that counsel failed to call witnesses to testify in his behalf even though he was asked to do so.

Edward Willis and Richard T. Young, prisoners in the District of Columbia Reformatory at Lorton, Virginia, were indicted by the Grand Jury in the United States District Court for the Eastern District of Virginia, under the Assimilative Crimes Act (18 U.S.C.A. § 13) for the crime of sodomy in violation of the Code of Virginia, Title 18, § 98 (1950).

The Government sought to prove that Willis, who admits that he is a homosexual, was paid a "social" call in his dormitory by Young and that, while the two were engaged in an act of sodomy, they were discovered by Officer Bidgood.

Young, a co-defendant in the trial, who has not, however, prosecuted a motion to vacate judgment, testified that he was accompanied by his brother-in-law, a Mr. Verdu Daniels, also at that time an inmate of the reformatory. Young admitted, however, that his brother-in-law went out the door as Officer Bidgood arrived.

Because, as the defense counsel in the District Court ably argued, the Government's case was based solely on the testimony of the Officer, and, further, that "testimony asserting sodomy must be subjected to the most careful scrutiny," the District Judge acquitted the defendants of the sodomy charge, but convicted

them of attempted sodomy. He sentenced each to nine months in prison, to commence at the end of the terms they were then serving.

Willis then filed a petition for a writ of habeas corpus which the Court treated as a motion to vacate sentence under Title 28 U.S.C.A. § 2255, and a hearing on the motion was had on the only point of any substance, either in law or fact, namely, that he "was denied the right to obtain witnesses in his behalf during his trial."

At the hearing, Willis complained that he was not permitted to have Young's brother-in-law, Verdu Daniels, as a witness. He asserted that "he (Daniels) was there at the time when we was accused * * *. He (Daniels) went out to the floor but he was still in the dormitory." Asked whether he mentioned Daniels' name to his lawyer, Willis replied, "I think I did * * *."

The transcript of the trial, reproduced by the Government, however, belies the accusation. Young and Willis, at the trial, in open court, admitted that they did not ask their lawyer to call Daniels. Their lawyer, both at the trial and at the hearing on the motion to vacate, stated that he did not call Daniels because, according to Young, Daniels was not present at the time the defendants were caught. The attorney testified "there was no witness mentioned to me that I felt had a direct knowledge and could testify on this case."

At the close of the hearing, Judge Bryan, on the basis of the testimony before him, declared:

"(T)he evidence fails to show any denial of the right to witnesses. It shows that no request was made for the witnesses. It shows further that Mr. Onion, a lawyer of responsibility and reputable standing here at the Bar, represented them to the very best of his ability and represented them competently, and had there been any witness mentioned to him who would have been of assistance to the defendant, the Court has no doubt that counsel would have summoned him."

We perceive no error in this finding, and the denial of the motion is

Affirmed.